# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56333-9-II |
| Respondent, | |
| v. | |
| GABRIEL JOSEPH MORALES, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Gabriel J. Morales appeals the imposition of a $200 criminal filing fee after he was resentenced in 2021. The State concedes that the filing fee should be stricken. In his statement of additional grounds (SAG) for review, Morales contends that his due process rights were violated and he received ineffective assistance of counsel during the resentencing hearing. We agree with the State regarding the criminal filing fee and remand for the trial court to strike that fee. We affirm all other aspects of Morales's sentence.

## FACTS

In 2017, a jury found Morales guilty of unlawful possession of a controlled substance with intent to deliver, unlawful possession of a controlled substance, unlawful possession of a firearm in the first degree, and possession of a stolen firearm. At sentencing, the trial court imposed a $200 criminal filing fee as a legal financial obligation (LFO). We affirmed Morales's convictions in an unpublished opinion, but remanded to the trial court to strike the imposed criminal filing fee because the trial court found Morales indigent. *State v. Morales*, No. 50782-0-II, slip. op. at 16 (Wash. Ct. App. May 29, 2019) (unpublished),

http://www.courts.wa.gov/opinions/pdf/D2%2050782-0-II%20Opinion.pdf. But after the mandate issued, no action was taken in the trial court.

In 2021, pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521(2021),[1] the trial court vacated Morales's unlawful possession of a controlled substance conviction and resentenced him after holding a resentencing hearing. Regarding LFOs, the court stated that it was only imposing the "mandatory minimums." Report of Proceedings (RP) (Sept. 17, 2021) at 42. But in its order correcting judgment and sentence, the court stated that the $200 criminal filing fee "remains imposed." Clerk's Papers at 125. Morales appeals his corrected judgment and sentence.

ANALYSIS

I.     CRIMINAL FILING FEE

Morales contends that the trial court wrongly imposed the criminal filing fee as an LFO on his corrected judgment and sentence. The State agrees. We accept the State's concession.

The trial court found Morales to be indigent. *Morales*, slip. op. at 16. Trial courts are prohibited from imposing criminal filing fees on criminal defendants found to be indigent. RCW 36.18.020(2)(h); *State v. Ramirez*, 191 Wn.2d 732, 746, 426 P.3d 714 (2018). We previously directed that the criminal filing fee be stricken. *Morales*, slip. op. at 16. We again direct the trial court to strike the criminal filing fee from Morales's judgment and sentence.

II.    SAG ISSUES

A.     Due Process

Morales argues that he was denied due process during the resentencing proceedings because the trial court did not rule on his pro se motions filed prior to resentencing, the court did

---

[1] The court in *Blake* held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1) (2017), "violates the due process clauses of the state and federal constitutions and is void." 197 Wn.2d at 195.

not require him to sign a stipulation on criminal history, and the court did not conduct a full resentencing hearing. We disagree.

Procedural due process at its core is the right to be meaningfully heard. *State v. Lyons*, 199 Wn. App. 235, 240, 399 P.3d 557 (2017). We first note that the motions Morales references are not a part of our record. While he attaches certain filings to the appendix of his SAG, these documents are not included in our record. We do not review documents attached to a brief that are not included in our record. RAP 10.3(a)(8). Regarding his other arguments, our record shows that the trial court held a resentencing hearing, the court specifically noted on the record that the parties stipulated to Morales's criminal history, and the court noted that the stipulation was "signed by Mr. Morales." RP (Sept. 17, 2021) at 23. Accordingly, Morales fails to show a due process violation.

B.      Ineffective Assistance of Counsel

Morales next argues that he was denied effective assistance of counsel because counsel encouraged the trial court to not rule on his pro se motions and that counsel further contributed to Morales's due process rights being violated. We disagree.

To prevail on an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and counsel's deficient performance prejudiced the defense. *State v. Elwell*, 199 Wn.2d 256, 277, 505 P.3d 101 (2022). If the defendant fails to satisfy either prong, then the defendant's ineffective assistance of counsel claim fails. *Id.*

Our record does not show that counsel's performance was professionally unreasonable. Even assuming counsel's performance was deficient, Morales fails to show prejudice. For these reasons, we reject Morales's ineffective assistance of counsel claim.

CONCLUSION

We affirm Morales's resentencing following *Blake* except for the imposition of the criminal filing fee. We remand to the trial court to strike the criminal filing fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Cruser, A.C.J

_____
Price, J.

4